1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER B.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 2:22-cv-00788-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This matter is before the Court on the parties' consent and on plaintiff's complaint. *See* Dkt. 5. This matter has been fully briefed. *See* Dkts. 12–14.

Plaintiff is a 43-year-old woman with prior work experience as a secretary who claims she can no longer work due to her impairments, which include cervical and lumbar spine degenerative disc/joint disease, osteoarthritis of the knees, migraine headaches, and thoracic outlet syndrome. The Administrative Law Judge (ALJ) found that plaintiff is not disabled

because she has the residual functional capacity (RFC) to perform sedentary work, which makes her capable of performing her past relevant work as a secretary.

Plaintiff argues that the ALJ erred in reaching the RFC determination because the ALJ did not address significant limitations related to plaintiff's migraine headaches and upper extremity impairments. However, much of the evidence plaintiff relies on for the additional limitations comes from her self-reports. The problem for plaintiff is that the ALJ rejected plaintiff's subjective symptom testimony and plaintiff does not challenge that finding. The same is true for plaintiff's reliance on Rehabilitation Specialist Seunghyum-Steve Lee; the ALJ rejected his medical opinion and plaintiff does not challenge that finding. The ALJ was not required to incorporate evidence he rejected into the RFC.

Plaintiff also contends that this matter should be reversed for further consideration because the ALJ did not discuss certain medical records in assessing the RFC and because the ALJ's conclusions regarding some of the medical evidence were allegedly erroneous. Regarding the former, the ALJ was not required to discuss every piece of evidence in the record—only significant probative evidence. The ALJ did so here. As to the latter, the Court finds that the ALJ's conclusions were reasonable and must uphold the decision even if they are susceptible to more than one interpretation.

Accordingly, the Court affirms the ALJ's decision in this matter.

**BACKGROUND**

Plaintiff's applications for disability insurance benefits pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration. *See* Administrative Record (AR) 16. In July 2020, after an adverse disability decision, plaintiff filed an appeal in this district, which resulted in a stipulated remand for further consideration. *See* AR 3881–85. On remand, ALJ

1    Howard Prinsloo held another hearing and issued a second written decision finding plaintiff was

2    not disabled pursuant to the Social Security Act. *See* AR 3769–82.

3        On May 6, 2022, the Appeals Council denied plaintiff's request for review, making the

4    written decision by the ALJ the final agency decision subject to judicial review. AR 3758; *see* 20

5    C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

6    written decision in June 2022. *See* Dkt. 5. Defendant filed the sealed administrative record

7    regarding this matter on August 22, 2022. *See* Dkts. 9, 10.

8                          **DISCUSSION**

9        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

10   social security benefits if the ALJ's findings are based on legal error or not supported by

11   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

12   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Plaintiff raises two similar

13   issues regarding the ALJ's RFC assessment. Specifically, plaintiff argues that the ALJ's RFC

14   determination is erroneous because the ALJ failed to address significant limitations related to

15   plaintiff's migraine headaches and upper extremity impairments. *See* Dkt. 12 at 1.

16      **I.**      **Migraine Headaches**

17        Plaintiff argues that the ALJ erred in the RFC determination because it does not properly

18   account for limitations due to plaintiff's migraine headaches. *See* Dkt. 12 at 4–11. "In assessing

19   RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's

20   impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8p, 1996 WL

21   374184, at *5 (S.S.A. July 2, 1996). "The RFC therefore *should* be exactly the same regardless

22   of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d 1040,

23   1049 (9th Cir. 2017) (emphasis in original). However, an ALJ need only include in the RFC

24

1    limitations supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

2    886 (9th Cir. 2006). In other words, when making the RFC determination, the ALJ is only

3    required to consider those limitations for which there was record support that did not depend on

4    plaintiff's subjective complaints. *Bayliss v. Barnhart*, 427 F.3d. 1211, 1217 (9th Cir. 2005)

5    (upholding ALJ's RFC because "the ALJ took into account those limitations for which there was

6    record support that did not depend on [claimant]'s subjective complaints"). Preparing a function-

7    by-function analysis for medical conditions or impairments that the ALJ found neither credible

8    nor supported by the record is unnecessary. *Id.*

9        Plaintiff cites to various treatment notes in the record and contends that they show that

10    she has significant limitations that the ALJ did not properly consider. *See* Dkt. 12 at 6–11.

11    Defendant argues that none of the limitations plaintiff believes should have been included in the

12    RFC are based on a medical opinion. *See* Dkt. 13 at 4. Indeed, plaintiff relies almost exclusively

13    on self-reports in questionnaires and statements to medical providers. *See* Dkt. 12 at 6–7, 11.

14    However, the ALJ rejected plaintiff's subjective symptom testimony regarding her migraine

15    headaches. *See* AR 3775 (rejecting plaintiff's subjective symptom testimony because it is not

16    consistent with medical evidence). As stated above, the ALJ is only required to consider those

17    limitations for which there was record support that did not depend on plaintiff's subjective

18    complaints. *See Bayliss*, 427 at 1217.

19        Plaintiff did not challenge or otherwise identify any error in the ALJ's reasons for

20    discounting her testimony, *see generally* Dkt. 12, and a reviewing court "cannot manufacture

21    arguments for an appellant and therefore [a court] will not consider any claims that were not

22    actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925,

23    929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.

24

1    1994)). "Rather, [the court] 'review[s] only issues which are argued specifically and distinctly in

2    a party's opening brief.'" *Id.*; *see also Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d

3    918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error

4    waives issue). Thus, the ALJ was not required to give limitations based on plaintiff's testimony

5    additional consideration.

6          Plaintiff also argues that the ALJ was wrong to conclude that there were no significant

7    complaints of migraines after 2015. *See* Dkt. 12 at 8. However, the ALJ stated that there were no

8    *significant* complaints, not that there were no complaints. *See* AR 3775. The ALJ clarified that

9    plaintiff continued to complain of neck pain and migraines after 2015, but that plaintiff indicated

10   that medication management helped. *See id.* The ALJ cited to medical records that suggest

11   plaintiff was doing well with her migraines after 2015. *See*, *e.g.*, AR 1545 (2018 medical note

12   stating that plaintiff's migraine headaches were managed well with medication). Plaintiff herself

13   cites to evidence that suggests her migraine headaches were well-managed with medication. Dkt.

14   12 at 9 (citing AR 1770 (2017 treatment note stating that plaintiff's migraines were "about the

15   same as they have been and well managed with topiramate")).

16         Plaintiff appears to be asking the Court to look at the medical evidence and come to a

17   different conclusion than the ALJ. However, that is not the Court's role. *See Burch v. Barnhart*,

18   400 F.3d 676, 680-81 (9th Cir. 2005) (explaining that the reviewing court "must uphold the

19   ALJ's decision where the evidence is susceptible to more than one rational interpretation")

20   (internal quotation marks and brackets omitted). Thus, the Court finds no reversible error in the

21   ALJ's decision not to include additional limitations based on plaintiff's migraine headaches.

22   ///

23   ///

24

1

## II.    Upper Extremities

2        Plaintiff's argument regarding her upper extremity limitations suffers from similar

3   deficiencies as her first argument. Plaintiff contends that the ALJ erred when he did not explain

4   how he considered medical evidence regarding her upper extremity impairments when he

5   assessed plaintiff's RFC. *See* Dkt. 12.

6        Plaintiff cites to medical records of treatment she received for her upper extremity

7   conditions and suggests that they show additional limitations than those included in the RFC. *See*

8   Dkt. 12 at 18. However, the diagnosis and treatment of a medical condition are often insufficient

9   to arise to the level of "significant" or "probative" evidence, unless there is evidence of a

10   functional limitation linked to that impairment. *See*, *e.g.*, *Eduardo Corona M. v. Berryhill*, No.

11   2:17-CV-09061-AFM, 2019 WL 718111, at *3–4 (C.D. Cal. Feb. 19, 2019) (collecting cases).

12   "The mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*,

13   10 F.3d 678, 680 (9th Cir. 1993). While the Commissioner must at least consider each

14   impairment when formulating an RFC, *see* 20 C.F.R. § 404.1545(a)(2), plaintiff must present

15   evidence showing the diagnosed impairment causes some significant functional limitation. *See*

16   *Houghton v. Comm'r Soc. Sec. Admin.*, 493 Fed. App'x. 843, 845–46 (9th Cir. 2012) ("The ALJ

17   was not required to discuss [] alleged medical conditions in the absence of significant probative

18   evidence that they had some functional impact on [the claimant]'s ability to work.").

19        The only evidence that plaintiff cites containing work-related limitations based on her

20   upper extremity impairments are her own self-reports and a medical opinion from Rehabilitation

21   Specialist Seunghyum-Steve Lee, M.D. *See* Dkt. 12 at 15–16. Again, the ALJ rejected plaintiff's

22   subjective symptom testimony and that finding was not challenged by plaintiff. *See id.* at 16

23   (contending that plaintiff's testimony is inconsistent with the ALJ's RFC assessment); AR 3776

24

1   (rejecting plaintiff's testimony regarding her upper extremity limitations). After an ALJ finds a

2   claimant not credible, "he [is] not required to include limitations that [claimant] claimed in

3   reliance solely on her subjective reports of pain." *Stenberg v. Comm'r Social Sec. Admin.*, 303 F.

4   App'x 550, 552 (9th Cir. 2008); *see also Martini v. Berryhill*, 2018 WL 587855, at *10 (C.D.

5   Cal. Jan. 29, 2018) (same). The ALJ also rejected Dr. Lee's opinion and plaintiff admits that she

6   is not challenging that determination. *See* Dkt. 14 at 6 (stating that "[p]laintiff did not argue that

7   the ALJ made an error in regard to Dr. Lee's opinion"). An ALJ is "not required to incorporate

8   evidence from the opinions of [the claimant]'s treating physicians, which were permissibly

9   discounted." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

10          Plaintiff takes issue with the fact that the ALJ did not explicitly discuss the evidence

11   plaintiff cites. *See* Dkt. 12 at 11. However, there is no requirement that an ALJ must discuss

12   every piece of evidence in the record. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006,

13   1012 (9th Cir. 2003) (stating that "in interpreting the evidence and developing the record, the

14   ALJ does not need to discuss every piece of evidence" (quotation marks omitted)); *see also*

15   *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ  is not required to discuss every

16   piece of evidence submitted" and the "failure to cite specific evidence does not indicate that

17   such evidence was not considered[.]") (internal citation omitted).

18          Plaintiff also makes cursory arguments regarding the ALJ's findings that the Court finds

19   unpersuasive or harmless errors. For example, plaintiff takes issue with the ALJ's findings

20   regarding the lack of atrophy and argues that there is no evidence that plaintiff's impairment

21   would lead to atrophy. *See* Dkt. 12 at 17. However, plaintiff alleged she could only lift very light

22   things with her hand, such as paper. *See id.* at 16. Thus, it is reasonable to expect some atrophy,

23   and Courts routinely accept lack of atrophy as a valid reason to discount subjective reports.  *See*

24

1    *Jeffery P. v. Kijakazi*, No. 2:20-CV-08813-GJS, 2022 WL 266817, at *4 (C.D. Cal. Jan. 28,

2    2022) (collecting cases).

3           Plaintiff makes other similar arguments regarding the ALJ's interpretation of medical

4    evidence. *See* Dkt. 12 at 17–18 (discussing the ALJ's findings regarding plaintiff's test results).

5    Yet plaintiff offers no legal authority for the Court to find reversible errors. The Court

6    emphasizes that the ALJ is the final arbiter with respect to resolving ambiguities in the medical

7    evidence. *See Andrews v. Shalala,* 53 F.3d 1035, 1039–40 (9th Cir.1995) ( "The ALJ is

8    responsible for determining credibility, resolving conflicts in medical testimony, and for

9    resolving ambiguities."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (the ALJ

10   has the duty and the authority to interpret the medical evidence). The Court will affirm the ALJ's

11   decision where the evidence is susceptible to more than one rational interpretation. *See Burch*,

12   400 F.3d at 680–81; *see also Batson v. Comm'r Soc. Sec.*, 359 F.3d 1190, 1193 (9th Cir.

13   2004) (the ALJ's findings "are upheld if supported by inferences reasonably drawn from the

14   record").

15          Because plaintiff fails to show any error in the ALJ's rejection of limitations found in

16   plaintiff's subjective symptom testimony and medical opinions, plaintiff cannot show that the

17   ALJ erred by failing to incorporate those limitations into the RFC. Thus, the Court finds no error

18   in the Commissioner's ultimate disability determination.

19   ///

20   ///

21   ///

22   ///

23   ///

24

1

## CONCLUSION

2          Based on these reasons and the relevant record, the Commissioner's decision is affirmed

3   and the case is dismissed with prejudice.

4          Dated this 12th day of December, 2022.

5

6   _____

7   J. Richard Creatura
    Chief United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24